UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJOKE CHUKWUMA ISAMADE, | Case No.   2:25-cv-01216-JDP (P) |
| Petitioner, | ORDER |
| v. | |
| KATHLEEN ALLISON, | |
| Respondent. | |

Petitioner Chijoke Chukwuma Isamade, a state prisoner, brought this section 2254 action attacking convictions in three state criminal cases that were resolved via a global plea.  One of his claims argues that his plea should be deemed involuntary because the state court failed to advise him of the possible immigration consequences of his plea.  In her motion to dismiss, respondent argues that this claim is unexhausted because it was not presented to the California Supreme Court in a procedural posture from which it would rule on the merits.  ECF No. 22 at 3.  I agree and order that petitioner indicate how he would like to proceed.

No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however.  *See O'Bremski v.*

1

*Maass,* 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

The failure-to-advise claim at issue was presented to the California Court of Appeal on November 7, 2024, in a state habeas petition. ECF No. 21-11 at 5. The state appellate court denied the petition and advised petitioner that "[t]o the extent petitioner seeks to vacate the judgment based on the trial court's failure to advise of immigration consequences, the denial is without prejudice to filing a motion in the trial court." ECF No. 21-12 at 1. Petitioner filed a petition for review in the California Supreme Court challenging the denial of his petition and included this claim therein. ECF No. 21-13 at 2. Before the California Supreme Court ruled on his petition for review, however, petitioner also filed two motions to vacate conviction or sentence in the Sacramento County Superior Court, both of which raised the failure-to-advise claim. ECF Nos. 21-17 at 2; 21-18 at 2. Those motions were still pending when the California Supreme Court denied his petition for review, prompting the state supreme court to grant respondent's request for judicial notice of those proceedings:

> Respondent's request for judicial notice is granted as to the record on appeal in case number C098869, and the post-conviction filings in case numbers 21FE019505 and 18FE018008 in Sacramento County Superior Court. Petitioner's request for judicial notice is granted as to the post-conviction filings made pursuant to Penal Code section 1016.5 in Sacramento County Superior Court. The remainder of Petitioner's request for judicial notice is denied.
>
> The petition for review is denied.

ECF No. 21-16. This indicates that the California Supreme Court did not weigh the merits of this claim, given that petitioner had been instructed by the court of appeal to file a motion with the trial court, and he had done so. The U.S. Supreme Court has held that a claim is not exhausted for the purposes of a federal habeas petition where it "has been presented for the first and only time in a procedural context in which its merits will not be considered . . . ." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Court of Appeals has held that:

> If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the

California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.

*Harris v. Superior Court of California*, 500 F.2d 1124, 1128 (9th Cir. 1974).  That is the case here where, as respondent notes in her motion to dismiss, plaintiff's litigation of this claim is ongoing in state superior court.  ECF No. 22 at 5.

Thus, I turn to the question of how, if at all, this action should proceed.  I note that petitioner raises other claims that respondent has not attacked as unexhausted.  Respondent requests that the petition be dismissed.  ECF No. 22 at 5.  Where a petition is "mixed," containing both exhausted and unexhausted claims, a district court must give the petitioner an opportunity to delete the unexhausted claims before dismissing the entire petition.  *See Dixon v. Baker*, 847 F.3d 714, 719 (9th Cir. 2017) ("[W]e have repeatedly warned the district courts that they may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims.").  Alternatively, petitioner may seek to stay this action, pending exhaustion of the unexhausted claim.  If he seeks to stay this action, however, he must file a motion specifically seeking that relief and explaining why it is justified.  I cannot and will not act as counsel for petitioner.  He should advise the court, in writing, of how he would like to proceed within twenty-one days of this order's entry.

Lastly, I note that petitioner has filed both a motion to amend his petition, ECF No. 28, and a voluntary dismissal of that motion to amend, ECF No. 29.  Accordingly, I will grant the latter and deny the former.

It is ORDERED that:

1.  Respondent's motion to dismiss, ECF No. 22, is GRANTED, and I find that the claim regarding failure to advise of the immigration consequences of petitioner's plea is unexhausted.  Petitioner must, within twenty-one days of this order's entry, advise the court how he would like to proceed with this mixed petition.  If he fails to make a timely election, I will dismiss the petition.

2.   Petitioner's voluntary dismissal of his motion to amend, ECF No. 29, is GRANTED, and the motion to amend at ECF No. 28, is DENIED.

IT IS SO ORDERED.

Dated:     March 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE