UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHIJOKE CHUKWUMA ISAMADE,

Petitioner,

v.

KATHLEEN ALLISON,

Respondent.

Case No.  2:25-cv-1216-JDP (P)

ORDER

Petitioner Chijoke Chukwuma Isamade, a state prisoner, brought this section 2254 action attacking convictions in three state criminal cases that were resolved via a global plea.  On March 24, 2026, I granted respondent's motion to dismiss, finding that petitioner's claim that the state court failed to advise him of the immigration consequences of his plea was unexhausted.  ECF No. 35.  Other claims in the petition, by contrast, appear to be exhausted.  *Id.* at 3.  I directed petitioner to indicate, within twenty-one days, how he wishes to proceed with this mixed petition. *Id.*

In response to my order, petitioner filed a motion to amend the petition, ECF No. 37, and a motion for partial stay, ECF No. 38.  Both motions will be denied.

First, petitioner's motion to amend seeks to raise a meritless claim, namely that the state court of conviction lacked subject matter jurisdiction.  ECF No. 37 at 10.  This claim sounds in state law and is not cognizable on federal habeas review.  *Hernandez v. Ylst*, 930 F.2d 714, 719

1

(9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law."); *Schweder v. Ryan*, NO. CV 18-8148-AB (AGR), 2017 U.S. Dist. LEXIS 208436, at *27-28 (D. Ariz. Dec. 18, 2017) ("Whether a state court has jurisdiction over a defendant is a question of state law that is not cognizable on federal habeas corpus review.").

Second, petitioner's requests for a "partial stay" under both *Rhines v. Weber*, 544 U.S. 269 (2005) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) is not legally viable. ECF No. 38 at 3. He requests that the court stay only his unexhausted immigration advisement claim and adjudicate his other, exhausted claims. *Id.* Neither the *Rhines* nor the *Kelly* procedure contemplates staying some claims and adjudicating others. Under the *Rhines* procedure, the court stays the operative petition while petitioner exhausts his state remedies. *Rhines*, 544 U.S. at 275-76 ("Under this procedure . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."). Under *Kelly*, the unexhausted claims are dismissed, and the remainder of the petition is stayed. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) ("In contrast, the three-step procedure outlined in *Kelly* allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."). Additionally, petitioner cannot seek to stay this action under both *Rhines* and *Kelly*; he must choose one procedural mechanism and explain why it applies. *See Cook. v. Lundy*, No. 2:23-cv-01107-DOC-BFM, 2023 U.S. Dist. LEXIS 156803, *4 (C.D. Cal. Sept. 5, 2023) ("Petitioner's motions mention both a *Rhines* stay and a *Kelly* stay without clearly distinguishing between the two. Without clarity on which type of stay he is requesting, the Court cannot rule on Petitioner's motions.").

Respondent states that she does not oppose a stay of this action pending exhaustion of the immigration advisement claim pending in state court. ECF No. 39 at 1. She does, however, oppose the proposed, non-viable, "partial stay." *Id.* Thus, I will give petitioner another opportunity to advise how, if at all, he wishes to proceed with this mixed petition. If his next proposal is not legally viable, I will dismiss the mixed petition.

2

It is ORDERED that:

1.    Petitioner's motion to amend, ECF No. 37, and motion for partial stay, ECF No. 38, are DENIED.

2.    Within twenty-one days of this order's entry, petitioner shall advise the court how he wishes to proceed with this mixed petition.

IT IS SO ORDERED.

Dated:    June 30, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3